Alejandro E. Figueroa, Esq.
California Bar No. 332132
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA A. GIANNETTE,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 2:21-cv-04001<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes THERESA A. GIANNETTE ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

1

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Central District of California, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within the Central District of California.

**PARTIES**

4. Plaintiff is a consumer over 18 years of age residing in Long Beach, California, which is located within the Central District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a collection company that claims to "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

---

[1] https://www.midlandcredit.com/who-is-mcm/

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of Defendant's attempts to collect upon two outstanding debts ("subject debts") that Plaintiff allegedly owed to Synchrony Bank ("Synchrony"), in the amounts of approximately $2,026 and $1,440.

10. Plaintiff used her Synchrony credit cards to finance the purchase of various household and personal items.

11. Upon information and belief, after Plaintiff's purported default on the subject debts, the debts were charged off by Synchrony and purchased by Defendant for collection purposes.

12. On or around March 2021, Plaintiff discovered that Defendant proceeded to report the subject debts on her credit report.

13. Subsequently, Plaintiff noticed that the subject debts were reported twice on her credit report with separate account numbers, resulting in four total accounts being reported to Plaintiff's credit report.

14. Upon information and belief, Defendant negligently reported the same exact subject debts twice on Plaintiff's credit report and knowingly changed the account numbers of the subject debts, causing distress and worry to Plaintiff in regards to her financial status.

15. Such deprivation caused Plaintiff direct financial and pecuniary harm, as she was subjected to damage to her credit score and financial status that, but-for Defendant's false, deceptive, and misleading representations, would not have come about.

16. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, has suffered unnecessary emotional distress, and has further suffered violations of her federally protected interests as a result of Defendant's conduct.

17. In an effort to address the confusion created by Defendant, Plaintiff lost time and resources going about addressing Defendant's conduct.

18. Plaintiff was further subjected to deceptive and misleading conduct by Defendant which materially impacted and shaped her reaction and course of conduct in response to Defendant's collection efforts.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

23. The subject debts are "debts" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e

24. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A);

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

26. Defendant violated §§1692e, e(2), e(8), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to misreport on Plaintiff's credit report by reporting the same exact debts twice and changing Plaintiff's account number. The FDCPA specifically

prohibits debt collectors from falsely representing the character and amount of the subject consumer debt on a consumer's credit reports. Therefore, Defendant acted deceptively by reporting the subject consumer debt twice on Plaintiff's consumer reports. Defendant's actions only served to worry and confuse Plaintiff and were done in a deceptive and misleading attempt to compel Plaintiff to address the subject consumer debt with Defendant.

### b. Violations of the FDCPA § 1692f

27. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

28. Defendant violated § 1692f when it unfairly attempted to collect upon the subject consumer debt by knowingly changing Plaintiff's account number and unfairly reporting the same exact subject debts twice on Plaintiff's credit report. Seasoned debt collectors, like Defendant, know the importance of accurately reporting and providing consumer's information about debts which have been subject to collections. However, Defendant treated Plaintiff unfairly through its concerted efforts to deprive Plaintiff of vital information which would have allowed Plaintiff to prevent the unfair damage to her credit report and financial status that came about as a result of Defendant's conduct

WHEREFORE, Plaintiff, THERESA A. GIANNETTE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 12, 2021                    Respectfully submitted,

                                       */s/ Alejandro E. Figueroa*
                                       Alejandro E. Figueroa, Esq.
                                       California Bar No. 332132
                                       Sulaiman Law Group, Ltd.
                                       2500 S Highland Ave, Suite 200
                                       Lombard, IL 60148
                                       Telephone: (630) 575-8181 Ext. 120
                                       Fax: (630) 575-8188
                                       alejandrof@sulaimanlaw.com
                                       *Counsel for Plaintiff*